**FILED**

IN THE UNITED STATES DISTRICT COURT

OCT 13 2020

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 20-44  Erie |
| | ) | |
| RYAN MATTHEW HOLDEN | ) | |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Christian A. Trabold, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a seven-count Indictment against the above-named defendant for alleged violations of federal law:

| **COUNT** | **OFFENSE/DATE** | **TITLE/SECTION** |
|---|---|---|
| 1 & 2 | Sexual exploitation of children<br>On or about<br>April 21, 2020 (Count 1)<br>April 22, 2020 (Count 2) | 18 U.S.C. §§ 2251(a) and 2251(e) |
| 3 | Enticement of a minor to engage in illegal sexual activity<br>In and around April 2020<br>to in and around July 2020 | 18 U.S.C. § 2422(b) |
| 4 | Transfer of obscene material to a minor<br>On or about<br>April 22, 2020 | 18 U.S.C. § 1470 |

| **COUNT** | **OFFENSE/DATE** | **TITLE/SECTION** |
|---|---|---|
| 5 | Distribution of material depicting the sexual exploitation of a minor<br>On or about<br>May 1, 2020 | 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) |
| 6 | Receipt of material depicting the sexual exploitation of a minor<br>In and around December 2019 to in and around August 2020 (Count 6) | 18 U.S.C §§ 2252(a)(2) and 2252(b)(1) |
| 7 | Possession and attempted possession of material depicting the sexual exploitation of a minor<br>From in and around December 2019 to in and around August 2020 | 18 U.S.C §§ 2252(a)(4)(B) and 2252(b)(2) |

## II. ELEMENTS OF THE OFFENSES

    **A.**    **As to Counts 1 and 2:**

In order for the crime of sexual exploitation of children, in violation of 18 U.S.C. §§ 2251(a) and 2251(e), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.    That the defendant employed, used, persuaded, induced, enticed or coerced a minor to engage in sexually explicit conduct, or attempted to do so, as those terms are defined in Title 18, United States Code, Section 2256.

Title 18, United States Code, Section 2251(a).

    2.    That the defendant intended that the minor engage in sexually explicit conduct.

2

Title 18, United States Code, Section 2251(a).

3. That the purpose for using, persuading, inducing or enticing the minor to engage in such conduct, or attempting to do so, was to produce a visual depiction of such conduct.

Title 18, United States Code, Section 2251(a).

4. That the production of the visual depiction involved the use of materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means, or that the defendant knew or had reason to know that such visual depiction would be transported in interstate or foreign commerce or mailed, or that the visual depiction had actually been transported in interstate or foreign commerce or mailed.

Title 18, United States Code, Section 2251(a).

**B.     As to Count 3:**

In order for the crime of enticement of a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant used the mail or any facility or means of interstate or foreign commerce.

2. To knowingly persuade, induce, entice or coerce any individual who had not attained the age of eighteen (18) years.

3. To engage in prostitution or any sexual activity for which any person can be charged with a criminal offense.

Title 18, United States Code, Section 2422(b).

**C.  As to Count 4:**

In order for the crime of transfer of obscene material to a minor, in violation of 18 U.S.C. § 1470, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.    That the defendant used a facility of interstate commerce.

    2.    That the defendant knowingly transferred obscene material.

    3.    That the defendant believed the intended recipient of the obscene material had not attained the age of sixteen (16) years.

Title 18, United States Code, Section 1470.

**D.  As to Count 5:**

In order for the crime of distribution of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.    That the defendant knowingly distributed a visual depiction of a minor in interstate or foreign commerce, by any means including by computer, or through the United States mail.

> Title 18, United States Code, Section 2252(a)(2); United States v. X-Citement Video, 115 S.Ct. 464 (1994); United States v. Gallardo, 915 F.2d 149 (5th Cir. 1990).

    2.    That the receipt of such visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256, and the defendant knew the visual depiction was of a minor.

> Title 18, United States Code, Section 2252(a)(2); United States v. McCormick, 675 F.Supp. 223 (M.D. Pa. 1987); United States v. X-Citement Video, 115 S.Ct. 464 (1994).

    3.    That the visual depiction is of such conduct.

Title 18, United States Code, Section 2251(a)(2).

**E.** **As to Count 6:**

In order for the crime of receipt of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.    That the defendant knowingly received a visual depiction of a minor in interstate or foreign commerce, by any means including by computer, or through the United States mail.

> Title 18, United States Code, Section 2252(a)(2); United States v. X-Citement Video, 115 S.Ct. 464 (1994); United States v. Gallardo, 915 F.2d 149 (5th Cir. 1990).

    2.    That the receipt of such visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256, and the defendant knew the visual depiction was of a minor.

> Title 18, United States Code, Section 2252(a)(2); United States v. McCormick, 675 F.Supp. 223 (M.D. Pa. 1987); United States v. X-Citement Video, 115 S.Ct. 464 (1994).

    3.    That the visual depiction is of such conduct.

Title 18, United States Code, Section 2251(a)(2).

**F.** **As to Count 7:**

In order for the crime of possession and attempted possession of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly possessed one (1) or more items which contained a visual depiction of a minor engaging in sexually explicit conduct.

Title 18, United States Code, Section 2252(a)(4)(B).

2. That the item which contained the visual depiction had been mailed, transported or shipped in interstate commerce, or had been produced using materials which had been mailed or transported or shipped in interstate commerce.

Title 18, United States Code, Section 2252(a)(4)(B).

3. That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256.

4. That the images involved prepubescent minors or minors who have not attained twelve (12) years of age.

Title 18, United States Code, Section 2252(a)(4)(B).

### III. PENALTIES

**A.  As to Counts 1 and 2: Sexual exploitation of children (18 U.S.C. §§ 2251(a) and 2251(e)):**

1. Imprisonment of not less than fifteen (15) years, nor more than thirty (30) years, but if such person has a prior conviction (Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117, or under Section 920 of Title 10) or under the laws of any state relating to the sexual exploitation of children, such person shall be imprisoned for not less than twenty-five (25) years, nor more than fifty (50) years, but if such person has two such prior convictions, such person shall be imprisoned not less than thirty-five (35) years, nor more than life (18 U.S.C. § 2251(d)).

      2.      A fine of $250,000.00 (18 U.S.C. § 3571(b)(3)).

      3.      Supervised release for any term of years not less than 5, or life (18 U.S.C. § 3583(k)).

      4.      Any or all of the above.

**B.**    **As to Count 3: Enticement of a minor to engage in illegal sexual activity (18 U.S.C. § 2422(b)):**

      1.      Imprisonment of not less than ten (10) years and not more than life (18 U.S.C. § 2422(b), effective July 27, 2006).

      2.      A fine of not more than $250,000.00 (18 U.S.C. §3571(b)(3)).

      3.      Supervised release for any term of years not less than 5, or life (18 U.S.C. § 3583(k)).

      4.      Any or all of the above.

**C.**    **As to Count 4: Attempted transfer of obscene material to a minor (18 U.S.C. § 1470):**

      1.      Imprisonment of not more than ten (10) years (18 U.S.C. § 1470).

      2.      A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

      3.      A term of supervised release of not more than three (3) years (18 U.S.C. § 3583).

**D.**    **As to Counts 5 and 6: Distribution and receipt of material depicting the sexual exploitation of a minor (18 U.S.C. §§ 2252(a)(2) and 2252(b)(1)):**

      1.      Imprisonment of not less than five (5) years and not more than twenty (20) years, but if the defendant has a prior conviction under Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117 or under Section 920 of Title 10, or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct

involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned not less than fifteen (15) years nor more than forty (40) years.

    2.  A fine of $250,000 (18 U.S.C. § 3571(b)(3)).

    3.  A term of supervised release of at least five (5) years and up to life (18 U.S.C. § 3583(k)).

    4.  Any or all of the above.

  **E.**  **As to Count 7: Possession and attempted possession of material depicting the sexual exploitation of a minor (18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2)):**

    1.  Imprisonment of not more than twenty (20) years, but if such person has a prior conviction under Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117 or under Section 920 of Title 10, or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, making, sale, distribution, shipment or transportation of child pornography, such person shall be fined under this title and imprisoned not less than ten (10) years nor more than twenty (20) years.

    2.  A fine of $250,000 (18 U.S.C. § 3571(b)(3)).

    3.  A term of supervised release of at least five (5) years and up to life (18 U.S.C. § 3583(k)).

    4.  Any or all of the above.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed on each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013(a)(2)(A).

With respect to Count One, Two, Three, Five, Six and Seven an additional special assessment of $5,000.00 must be imposed as the offenses were committed after May 29, 2015 and the offenses are located within Chapter 110 or Chapter 117 of Title 18, United States Code. 18 U.S.C. § 3014(a).

With respect to Counts One and Two, pursuant to 18 U.S.C. § 2259A(a)(3), an additional special assessment of not more than $50,000.00 shall be assessed, as the offense was committed after December 7, 2018, and the offense is for production of child pornography as defined at 18 U.S.C. § 2259(c)(1).

With respect to Counts Five and Six, pursuant to 18 U.S.C. § 2259A(a), an additional special assessment of not more than $35,000.00 shall be assessed, as the offense was committed after December 7, 2018, and the offense is for trafficking in child pornography as defined at 18 U.S.C. § 2259(c)(3).

Further, with respect to Count Seven, pursuant to 18 U.S.C. § 2259A, an additional special assessment of not more than $17,000.00 shall be assessed, as the offense was committed after December 7, 2018, and the offense is under § 2252(a)(4).

## V. RESTITUTION

Restitution may be required in this case as to Counts One through Seven, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A and 2259.

## VI. **FORFEITURE**

As set forth in the Indictment, forfeiture is applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

CHRISTIAN A. TRABOLD
Assistant U.S. Attorney
PA ID No. 75013