IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 20-44 Erie |
| ) | |
| RYAN MATTHEW HOLDEN ) | |

### SENTENCING MEMORANDUM
### OF THE UNITED STATES

Holden convinced a ten-year-old girl on Instagram to send him sexually explicit images of herself. His nefarious contact with the 10-year-old victim also included Holden sending images of his penis to the girl. While this conduct is thoroughly deplorable, in some sense it is not surprising because Holden was also trading other items of child sexual abuse material with other similarly disturbed individuals using Telegram.

Holden has demonstrated that he is a significant danger to the most vulnerable. He should receive a guideline sentence.

### Factual Background

In May and June 2020, the National Center for Missing and Exploited Children (NCMEC) received cybertips from Instagram indicating that an Instagram user had uploaded child sexual abuse material to their system. The Pennsylvania State Police (PSP) traced that user, based upon IP log-ins and subscriber information, to Ryan Holden's residence in Erie. PSP then executed a state search warrant in August 2020 at Holden's house. They seized multiple computers and

digital storage devices from Holden's bedroom which were ultimately found to contain about 1,000 images and 500 videos of child sexual abuse material.

Holden was interviewed in conjunction with the search and admitted that he had viewed child sexual abuse material. Holden stated that he had used the thumb drives and SD cards found in his bedroom to back up his phone. Holden's phone was then seized because at the time a preliminary exam of the devices in his bedroom had located child sexual abuse material. PSP then obtained a separate search warrant for Holden's phone.

A more comprehensive forensic exam was then conducted by PSP of Holden's digital devices and phone. During this exam, PSP located images that appeared to have been self-produced by a minor. The PSP forensic examiner then determined that the GPS metadata for the images indicated that they had been produced at a location in Erie County, Pennsylvania. PSP then went to an elementary school in Erie County for the purpose of identifying the girl in the images and school officials identified her as a 10-year-old student at the school. Troopers then traveled to the girl's home where her mother identified her in the images as well. The victim's mom indicated that she had just recently given her daughter a phone and had no idea she was communicating with others on the Internet.

The forensic exam also revealed that Holden had sent items of child sexual abuse material to others using the Telegram app and received similar material from others who were also using the app. Holden was then interviewed again after the discovery of the images of the 10-year-old girl and admitted that he met the girl on

Instagram and that she had provided him nude images and he had provided the victim images of his penis.

An examination of the victim's phone and Holden's phone revealed contact between April and July 2020 wherein Holden persuaded the victim, who specifically revealed that she was just 10, to provide him sexually explicit images.  Holden also sent the victim images of his penis.  The sexually explicit images of the victim also were discovered on the devices seized from Holden's bedroom.

## Argument

### A. Legal Context

Numerous courts have emphatically expressed the wretched consequences of child pornography.  In *United States v. Goff*, 501 F.3d 250, 258-59 (3d Cir. 2007), the Third Circuit noted:

> Children are exploited, molested, and raped for the prurient pleasure of Goff and others who support suppliers of child pornography.  These small victims may rank as "no one else" in Goff's mind, but they do indeed exist outside his mind.  Their injuries and the taking of their innocence are far too real.  There is nothing "casual" or theoretical about the scars they will bear from being abused for Goff's advantage.

The defendant in *United States v. MacEwan*, 445 F.3d 237, 249-50 (3rd Cir. 2006), tried to downplay his receipt of child pornography by claiming that he was not a violent offender or a trafficker of guns or drugs. The Third Circuit was not persuaded, reasoning:

> Congress found that "where children are used in its production, child pornography permanently records the victim's abuse, and its continued existence causes the child

> victims of sexual abuse continuing harm by haunting those children in future years." Moreover, Congress found little distinction in the harm caused by a pedophile, be he a distributor or mere consumer in child pornography, because the mere "existence of and traffic in child pornographic images creates the potential for many types of harm in the community and presents a clear and present danger to all children." Furthermore, "it inflames the desires of ... pedophiles ... who prey on children, thereby increasing the creation of and distribution of child pornography and the sexual abuse and exploitation of actual children who are victimized as a result of the existence and use of these materials."

*Id.* (citations omitted); *See United States v. Gonzalez*, 445 F.3d 815 (5th Cir. 2006); *United States v. Duhon*, 440 F.3d 711, 718-20 (5th Cir. 2006); *United States v. Yuknavich*, 419 F.3d 1302, 1310 (11th Cir. 2005); *United States v. Grosenheider*, 200 F.3d 321, 332-34 (5th Cir. 2000).

The district court in *United States v. Cunningham*, 680 F.Supp.2d 844, 847 (N.D. Ohio, 2010), *affirmed* 669 F.3d 723 (6th Cir. 2012), imposed a guideline sentence on a child pornography defendant. In denying the defendant's challenge to the legitimacy of the child pornography guideline, the court reasoned:

> There can be no keener revelation of a society's soul than the way in which it treats its children. Given the current statistics surrounding child pornography, we are living in a country that is losing its soul.
>
> Child pornography is a vile, heinous crime. Mention the term to your average American and he responds with immediate disgust and a sense of unease. However, once it enters the legal system, child pornography undergoes sterilization. The sterilization goes far beyond properly removing emotion from sentencing decisions. Images are described in the most clinical sense. Victims all too often remain nameless. The only emotions on display are those of defendants, sorry that their actions were discovered by

4

law enforcement.

### B. Sentencing Protocol

It is well settled that district courts "must perform three steps in determining the appropriate sentence to impose on a defendant." *United States v. Wise*, 515 F.3d 207, 216 (3d Cir. 2008). First, "a district court must begin the process by correctly calculating the applicable Guidelines range." *Id. (*citing *United States v. Gall*, 128 S.Ct. 586, 596 (2007); *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006)). Second, the court must "formally rule on the motions of both parties and state on the record whether [it is] granting a departure and how that departure affects the Guidelines calculation and take into account our Circuit's pre-*Booker* case law, which continues to have advisory force." *Id. (*citing *Gunter*, 462 F.3d at 237). Third, "after giving both sides the chance to argue for the sentences they deem appropriate, the court must exercise its discretion by considering all of the § 3553(a) factors and determining the appropriate sentence to impose." *Wise*, 515 F.3d at 216-17 (citations omitted). Having set forth the well-established sentencing protocol, the United States will take each step in turn.

### C. Applicable Guideline Range

Both parties agree that the Sentencing Guidelines range applicable to Holden is a term of imprisonment for life.

### D. Departures

The United States is not seeking a departure. A sentence within the guideline range will ensure that Holden never harms another child again. The

5

United States anticipates that Holden will not seek a downward departure based on any specific provision of the Sentencing Guidelines. Rather, Holden will seek a significant downward variance. A downward variance would not reflect Holden's depraved conduct here. There is simply nothing mitigating about Holden's conduct or his background.

### E.  Section 3553 Factors

When sentencing a defendant, the Court's reasoning must be guided by all the sentencing considerations set forth in 18 U.S.C. § 3553(a), not just those related to a defendant's background. *Wise*, 515 F.3d at 216-17; *United States v. Smith*, 440 F.3d 704, 706 (5th Cir. 2006). In pertinent part, these factors include:

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)  the need for the sentence imposed-- (A) to reflect the seriousness of the offense, to promote respect for the law,  and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; ...

(3)  the kinds of sentences available;

(4)  the kinds of sentence and the sentencing range established for - (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines- ...

(5)  any pertinent policy statement- (A) issued by the Sentencing Commission ...

(6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)  the need to provide restitution to victims of the offense.

18 U.S.C. § 3553(a); *Id.*

Notably, these factors do not involve merely a focus upon the defendant's background and the impact of the sentence on the defendant. Rather, a correct

application of these factors to any case involves a balancing of all the factors, which include the guidelines, the defendant's criminal conduct and its impact upon the victims and not just a consideration of the defendant's background and history.  A solitary focus on only the defendant is certainly not an appropriate way to apply the § 3553 factors to this case.  A full consideration of the § 3553 factors calls for a sentence that will keep Holden in prison and away from children for as long as possible.

### 1. Nature and Circumstances of the Offense

Holden enticed a 10-year-old to send him sexually explicit images of herself. He sent the victim images of his penis.  He traded child sexual abuse material with other depraved individuals online.  There is no reason to conclude that Holden can ever be trusted around children again.  Had Holden not been caught, there is every reason to conclude that the abuse would still be happening.

### 2. History and Characteristics of the Defendant

Holden has indicated that he had a good relationship with his mother, step-father and brother throughout his childhood.  (PSIR ¶ 63).  His parents worked to provide a home for him and his brother. (Id.)

Holden lived with his girlfriend and their two children for eleven years and continued to have regular contact with his children after his relationship with his girlfriend ended. (PSIR ¶ 64). He also provided for his children even after they no longer lived with him. (Id.). Prior to his arrest, Holden had been in a committed relationship with another woman for ten years and their relationship has continued

even after his incarceration in this case. (PSIR ¶ 66). Holden has no physical problems and described himself as healthy. (PSIR ¶ 67). He has no history of diagnosed mental or emotional health issues. (PSIR ¶ 68).

Holden was charged with DUI 2010 and admitted into the ARD program. (PSIR ¶ 56). Holden claims to have been using multiple illegal drugs during the commission of the instant offenses. (PSIR ¶ 69). According to him, he has a history of using marijuana, cocaine, crack cocaine and methamphetamine. (Id.). Holden has never been treated or even evaluated for substance abuse. (Id.) He is a high school graduate who was working as a machinist, earning $19/hour at the time of his arrest. (PSIR ¶ 70-72).

There is nothing mitigating about Holden's background. He grew up in an environment far better than many who are sentenced in federal court. He graduated high school and had a good job when he was arrested. His continuing employment is not indicative of someone with an out-of-control drug problem that caused him to act out of character.

His self-professed drug use is not mitigating here. If Holden acts out on his sexual attraction to children when he is using drugs, then he is a ticking time bomb who is a clear danger to the community anytime he is under the influence. Those who insist on driving repeatedly when drunk are an obvious danger to the community. How much more of a danger is someone who wants to abuse children and trade child sexual abuse material when under the influence. Holden's self-professed drug issues make him more of a danger to the community because his

drug use renders him less able to control his horrible urges. A substance abuse history renders Holden less reliable when released. When that reduced reliability increases the chances another child may be abused in the future, it should result in more time in jail not less. Moreover, there is something patently unjust about a defendant getting a reduced sentence merely for claiming they were high when they committed their crimes against children. Some things are so awful they cannot be flippantly excused by the flimsy claim that "the drugs made me do it."

> **3. The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and Provide Just Punishment for the Offense**

This factor is known as the "just desserts" concept, answering the need for retribution so that the punishment fits the crime and the defendant is punished justly. *See United States v. Irey*, 612 F.3d 1160, 1206 (11th Cir. 2010). The *Irey* court cited the Senate Report regarding this provision:

> This purpose--essentially the "just desserts" concept--should be reflected clearly in all sentences; it is another way of saying that the sentence should reflect the gravity of the defendant's conduct. From the public's standpoint, the sentence should be of a type and length that will adequately reflect, among other things, the harm done or threatened by the offense, and the public interest in preventing a recurrence of the offense.(quoting S.Rep. No. 98-225, at 75-76, 1984 U.S.C.C.A.N. 3258-59).

*Id.* The Supreme Court has long recognized that sexual abuse has devastating and long lasting effects on children. *New York v. Ferber*, 458 U.S. 747, 758 n.9 (1982). Indeed, four members of the Supreme Court deemed child rape to be so serious that

death could be imposed as a punishment. *Kennedy v. Louisiana,* 554 U.S. 407, 447-70 (2008).

Imposing a below guideline range sentence will not promote respect for the law because such a sentence will not reflect the gravity of Holden's offenses. His crimes are so reprehensible that the just sentence will keep him away from society for as long as possible. He has abused the most vulnerable among us with no sign that he planned to stop before he was caught. He also actively traded child sexual abuse material. There is simply no reason to conclude that Holden can be trusted around children ever again.

### 4. Impact on the victims

Congress has plainly indicated that "[e]very instance of viewing images of child pornography represents a ...repetition of their abuse." 18 U.S.C. § 2251, (Historical and Statutory Notes: Child Pornography Prevention of 2006, Pub.L.No. 109-248, Title V, § 501, July 27, 2006, 120 Stat. 587, 623 (2006)). The words of Congress and many courts are echoes of the victims themselves.

The impact upon Holden from the Court's sentence, which he brought on himself, pales in comparison to the impact upon the child victim. Holden should receive the same mercy from the Court that he provided to the victim. He could have stopped at any time. Instead, he pursued his twisted desires with no sign of letting up. Had Holden not been caught, the child victim would surely still be suffering in silence.

### 5. The Need for the Sentence Imposed to Afford Adequate Deterrence

#### a. General Deterrence is an Important Factor in Sentencing

Congress, the Supreme Court, and the Sentencing Commission believe general deterrence is a very important factor when considering an appropriate sentence. *Irey*, 612 F.3d at 1206, (citing *Ferber*, 458 U.S. at 760 ("The most expeditious if not the only practical method of law enforcement may be to dry up the market for [child pornography] by imposing severe criminal penalties on persons selling, advertising, or otherwise promoting the product"); *Osbourne v. Ohio*, 495 U.S. 102, 109-10 (1990) ("It is also surely reasonable for the State to conclude that it will decrease the production of child pornography if it penalizes those who possess and view the product, thereby decreasing demand"); *United States v. Goff*, 501 F.3d 250, 261 (3d Cir. 2007) ("Deterring the production of child pornography and protecting the children who are victimized by it are factors that should have been given significant weight at sentencing.")).

In fact, the Sixth Circuit has reversed a district court that failed to see any importance in general deterrence. *See United States v. Bistline*, 665 F.3d 758, 767 (6th Cir. 2012). The district court stated "general deterrence ... will have little [if] anything to do with this particular case." *Id.* The Sixth Circuit found the district court's statement "inexplicable and in any event conflicts with our statement that 'general deterrence is crucial in the child pornography context[.]" *Id.* (citing *United States v. Camiscione*, 591 F.3d 823, 834 (6th Cir. 2010)).

The Court is in a position to send a clear message to the community that those who abuse children will pay a very heavy price. The goal of deterrence is realized if even one predator is deterred. A sentence that keeps Holden away from kids for as long as possible will accomplish this goal.

### b. The Need for the Sentence Imposed to Protect the Public from Further Crimes of the Defendant

This is the factor involving the incapacitation or specific deterrence of the defendant that the Court is to consider. *See Irey*, 612 F.3d at 1210. Since Holden clearly has a voracious sexual interest in young children that he has showed no interest in curtailing, the Court must protect the community from Holden for as long as possible. Every day that Holden is removed from society is a day that the children of this community will be safer.

### 6. The Need to Avoid Unwarranted Sentencing Disparities

The attached chart contains a list of some of the child pornography production sentences of at least 60 years around the nation. Plainly a sentence long enough to keep Holden in prison and away from children for the rest of his life will not involve a sentencing disparity.

|   | DISTRICT | DEFENDANT'S NAME | COURT NUMBER | SENTENCE DATE (Yr-Mo-Day) | PRISON TIME (MONTHS) |
|---|---|---|---|---|---|
| 1 | ALN | Culver, Brian Scott | 5:07-CR-00009-LSC-JEO | 071026 | 720 |
| 2 | ILN | Skinner, Robert | 06-CR-00316 | 071108 | 720 |
| 3 | ARW | Chappell, Jr., Daniel | 5:07CR50074-001 | 081118 | 720 |
| 4 | IAS | Summage, Kerwin Lamont | 08-048 | 081124 | 720 |

| 5 | KYW | Hawkins, Jason | 06-CR-00064-M | 080506 | 720 |
|---|---|---|---|---|---|
| 6 | MIE | Grimes, Bennie | 14-CR-20301 | 091014 | 720 |
| 7 | NCE | Sherwin, Daniel | 08-CR-00020-BO2 | 090305 | 720 |
| 8 | FLM | Blage, Kenneth | 09-CR-00584-T | 100901 | 720 |
| 9 | LAW | Lolley, Curtis | 09-CR-00339 | 100827 | 720 |
| 10 | MOE | Parsons, Gregory Lynn | 08-CR-00518 CDP | 090707 | 720 |
| 11 | MOW | Harrison, Richard C. | 09-CR-00109 | 100310 | 720 |
| 12 | NCE | Johnston, Dennis | 09-CR-00072 | 091224 | 720 |
| 13 | ARW | Bain, Richard | 5:09CR50098 | 101022 | 720 |
| 14 | ARW | Cunningham, Michael "Jason" | 10-CR-50095 | 110318 | 720 |
| 15 | LAW | Fruge, Shelton Peter | 10-CR-00241 | 110202 | 720 |
| 16 | MOW | Harrison, Richard C. | 09-CR-00109 | 100310 | 720 |
| 17 | NH | Goergen, Ronald | 10-CR-00117-JD | 110120 | 720 |
| 18 | MSN | Robinson, Brian | 11-CR-00049-3-A | 120710 | 720 |
| 19 | NYN | Russell, Jr., Richard | 08-CR-00545 | 111007 | 720 |
| 20 | NYN | Ketcham, Cory J. | 11-CR-00057 | 111206 | 720 |
| 21 | VAE | Cardenales, Abimael | 12-CR-00002-2 | 120723 | 720 |
| 22 | ARW | Bates, Roger | 12-CR-20010 | 121221 | 720 |
| 23 | CAE | Hernandez-Velazquez, Jose | 11-CR-00134-F | 130417 | 720 |
| 24 | NYN | Salmon, Brett | 11-CR-00364 | 121113 | 761 |
| 25 | NYW | Tyson, Joseph M. | 06-CR-06127CJS | 081112 | 780 |
| 26 | ARW | Bergthold, Brian | 5:07CR50052 | 080915 | 840 |
| 27 | GAN | Huskey, James Bartholomew | 08-CR-00033-4 | 090309 | 840 |
| 28 | MT | Herbst, Basil | CR 07-103-BLG-JDS | 081125 | 840 |
| 29 | PAE | Eyster, Daniel | 08-CR-00618 | 090723 | 840 |
| 30 | TXN | Dickson, Bryan K. | 09-CR-00040-A-FW | 091026 | 840 |
| 31 | ARW | Cannon, William | 10-CR-50108 | 120201 | 840 |
| 32 | NYW | Luczkowiak, Roger S. | 11-CR-00392S | 120927 | 840 |
| 33 | OHN | Israel, Timothy B. | 10-CR-00347 | 111129 | 840 |
| 34 | CAS | Loftin, Corey James | 11-CR-01895-JLS | 121213 | 840 |
| 35 | INS | Armstrong, Mark | 09-CR-00012-DFH/MGN4 | 091221 | 900 |
| 36 | VAE | Martinez, Scottie Lee | 10-CR-00122 | 110220 | 960 |
| 37 | OHS | Keith, Andrew F. | 11-CR-00005-1 | 120511 | 960 |
| 38 | MT | Threadgill, Kenneth | CR 07-89-GF-SEH | 080116 | 1020 |
| 39 | CT | Sensi, Edgardo M. | 08-CR-00253 | 120209 | 1020 |
| 40 | TXE | Stewart, James Rustin | 09-CR-00159-1 | 100823 | 1080 |

13

| 41 | OHN | Lennard, Shawn M. | 09-CR-00444 | 101005 | 1080 |
|---|---|---|---|---|---|
| 42 | FLM | Branndt, Wesley | 11-CR-00058-T | 111109 | 1080 |
| 43 | INS | Bostic, David Ryan | 11-CR-00033 JMS-KPF1 | 120105 | 1080 |
| 44 | GAS | Rivera, Angel Luis | 11-CR-00007 | 130118 | 1080 |
| 45 | MIW | Herrick, Scott Allen | 10-CR-00207 | 120117 | 1140 |
| 46 | FLM | Sarras, Donatos | 6:07-CR-92-ORL | 080410 | 1200 |
| 47 | MOE | Greenwell, Jeffrey | 09-CR-00757 CAS | 111018 | 1200 |
| 48 | FLM | Dickerson, Ivory | 07-CR-00150-ORL | 090407 | 1320 |
| 49 | MT | Fox, Ralph | CR 07-47-M-DWM | 081017 | 1320 |
| 50 | ILN | Boroczk, Darrick C. | 09-CR-00647 | 120110 | 1340 |
| 51 | INS | Hodge, Larry Everett | 11-CR-00007-RLY-WGH-3 | 120531 | 1380 |
| 52 | MIW | Hinojosa., Michael James | 1:06-CR-93 | 080319 | 1440 |
| 53 | NYS | Davis, William | 07 CR 0468 | 090824 | 1440 |
| 54 | MOE | Martin, Michael Paul | 09-CR-00760 JCH | 100729 | 1440 |
| 55 | NCM | Hallman, David Matthew | 12-CR-00010 | 130108 | 1440 |
| 56 | VAW | Cobler, James Robert | 12-CR-00026 | 130215 | 1440 |
| 57 | FLS | Castillo, Edgar Geovani Esquivel | 10-CR-20120-DMM | 100928 | 1560 |
| 58 | FLS | Castillo, Edgar Geovani Esquivel | 10-CR-20120-DMM | 100928 | 1560 |
| 59 | NCE | Davis, John Thomas | 09-CR-00018-BO | 090505 | 1680 |
| 60 | FLM | Cowan, Robert Allan | 09-CR-00387-J | 111208 | 1680 |
| 61 | LAM | Miller, Paul W. | 10-CR-00102-JJB-DLD | 120520 | 1680 |
| 62 | FLN | Olmeda, Keith | 09-CR-00030-01-SPM | 100209 | 1800 |
| 63 | NYN | Hamilton, Wayne | 11-CR-00555 | 121113 | 1800 |
| 64 | NH | Wright, John Allen | 11-CR-00146-SM | 130225 | 1920 |
| 65 | MOE | Devlin, Michael | 4:07CR143 JCH | 071226 | 2010 |
| 66 | INS | Metzger, David | 09-CR-00188-LJM/KPF1 | 100525 | 2820 |
| 67 | INS | Bostic, David Ryan | 1:11-CR-027-JMS-KPF | 120113 | 3060 |
| 68 | MOE | Beasley, Leland | 10-CR-00119 CEJ | 110712 | 3480 |
| 69 | ALN | Hayes, Gordon Elton | 4:07-CR-00062-IPJ-TMP | 070824 | 3720 |
| 70 | ALN | Vasiloff, Gary Steven | 4:07-CR-00337-VEH-PWG | 080204 | 3900 |
| 71 | INS | McGrath, Andrew | 1:09-CR-0169-L/F | 100517 | 4440 |

14

| | | | | | |
|---|---|---|---|---|---|
| 72 | ALN | McKim, Christine Staggs | 08-CR-00313-IPJ-RRA-2 | 091007 | 5400 |
| 73 | ALN | Hulsey, James Shawn | 08-CR-00313-IPJ-RRA-2 | 091007 | 5760 |
| 74 | ALN | Falgout III, Pierre Ernest | 6:07-CR-00157-RDP-RRA | 080620 | 11520 |
| 75 | FLM | Matthews, Samuel | 8:07-CR-247-T | 071030 | LIFE |
| 76 | ILC | Rosenbohm, Justin | 07-10117 | 080627 | LIFE |
| 77 | KYW | Moore, James T. | 3:06CR-98-S | 080304 | LIFE |
| 78 | MN | Paton, Lyle Robert | CR06-298PJS/SRN | 071022 | LIFE |
| 79 | MT | Gallenardo, William | CR 07-04-BU-DWM | 071026 | LIFE |
| 80 | TNE | Becker, David Aaron | 3:07-CR-22 | 071026 | LIFE |
| 81 | ARW | White, Arthur | 3:09CR30001 | 090624 | LIFE |
| 82 | CAE | Harrod, Allen | 03-CR-00384-S | 090427 | LIFE |
| 83 | CAE | LaBrecque, Michael | 03-CR-00384-S | 090427 | LIFE |
| 84 | CAS | Lutts, Michael William | 14-CR-2542 | 120715 | 960 |
| 85 | FLN | Freeman, James Andrew | 08-CR-00022-03-LAC | 090505 | LIFE |
| 86 | FLN | Mumpower, Warren K. | 08-CR-00022-03-LAC | 090722 | LIFE |
| 87 | FLN | Lakey, Gary Wayne | 08-CR-00022-03-LAC | 090420 | LIFE |
| 88 | FLN | McGarity, Neville R. | 08-CR-00022-03-LAC | 090420 | LIFE |
| 89 | FLN | Lambert, Marvin Laverne | 08-CR-00022-03-LAC | 090420 | LIFE |
| 90 | FLN | Castleman, Daniel Scott | 08-CR-00022-03-LAC | 090420 | LIFE |
| 91 | ILS | Courtright, Carl | 07-CR-30179-DRH | 090724 | LIFE |
| 92 | ILS | Masulla, Louise | 08-CR-30234-GPM-DGW | 090731 | LIFE |
| 93 | ILS | Robinson, Tabitha D. | 08-CR-30234-GPM-DGW | 090813 | LIFE |
| 94 | ILS | Milligan, William | 08-CR-30234-GPM-DGW | 090731 | LIFE |
| 95 | LAW | Daranda, Ben | 07-CR-10022-01 | 081125 | LIFE |
| 96 | NV | Latham, Robert Myron | 06-CR-00379-LDG(GWF) | 090304 | LIFE |
| 97 | NYN | Sacco, Dean | 08-CR-00077 | 090303 | LIFE |
| 98 | PAE | Marz, Robert Paul | 07-CR-00199 | 090914 | LIFE |
| 99 | TXW | Carmony, Charles Wayne | SA08CR036 | 090224 | LIFE |

| | | | | | |
|---|---|---|---|---|---|
| 100 | ALM | Smith, Ricky Randall Rex | 07-CR-00183-WKW | 100402 | LIFE |
| 101 | ALN | Simons, John Lawson | 08-CR-00408-CLS-TMP-5 | 100818 | LIFE |
| 102 | INS | Rarey, Rickie | 1:09-CR-130-M/F | 100224 | LIFE |
| 103 | MIE | Frazee, James | 10-CR-20082 | 100909 | LIFE |
| 104 | ALS | McGee, Bernard | 10-CR-00162-CG | 110303 | LIFE |
| 105 | ARW | Wilson, James H. | 2:09CR20063 | 101021 | LIFE |
| 106 | FLS | Rios, Jesus | 09-CR-60054-JIC | 101227 | LIFE |
| 107 | MD | Davison, Jesse Aaron | 10-CR-00632 | 110830 | LIFE |
| 108 | MIE | Demink, Steven | 10-CR-20676 | 110926 | LIFE |
| 109 | DE | Pavulak, Paul E. | 09-CR-00043-SLR | 111014 | LIFE |
| 110 | FLS | Mozie, James | 11-CR-60121-WPD | 120625 | LIFE |
| 111 | NYN | Rood, Flay | 10-CR-00149 | 111007 | LIFE |
| 112 | MOE | Gravenmier, Jack E. | 12-CR-00464 JAR | 130429 | LIFE |
| 113 | MOW | Smith, Todd C. | 11-CR-05044-01 | 121221 | LIFE |
| 114 | VAE | Sebolt, Philip Michael | 12-CR-00033-3 | 130128 | LIFE |
| 115 | FLM | Speer, Steven | 8:13-CR-561 | 100314 | 1080 |
| 116 | FLM | Cuadrado, Benjamin | 8:14-CR-176 | 040615 | 960 |
| 117 | INN | Eckstrom, Daniel | 2:13-84 | | 5040 |
| 118 | INN | Bour, Christopher | 2:13-CR-36 | | Life +85 years |
| 119 | ME | Arsenault, Patrik Ian | 1:13-CR-170 | 012315 | 780 |
| 120 | CAC | Reczko, Stanley Dan | 7-CR-1221 | 051815 | LIFE |
| 121 | EDCA | McCormack, Shawn | 11-CR-324 | 101315 | LIFE |
| 122 | OHN | Cavna, Christopher | 4:13-401 | 061314 | 1080 |
| 123 | CO | Wolf, Mervyn Edy | 14-Cr-107 | 011415 | 720 |
| 124 | FLM | Chansler, Lucas Michael | 3:10-CR-100 | 111014 | 1660 |
| 125 | NYN | Staples, Ryan | 8:13-CR-440 | 101414 | 1080 |
| 126 | IAN | Strong, Benton | 13-2014-CR | 021314 | 1320 |
| 127 | TNM | Green, Daniel | 3:10-98 | 063014 | 960 |
| 128 | WDMI | Brown, Floyd Andrew | 1:12-CR-309 | 112113 | 720 |
| 129 | NYN | McGlaughlin, Robert | 1:14-CR320 | 040315 | 720 |
| 130 | NYN | Brown, Nathan | 1:12-CR145 | 012913 | 720 |
| 131 | NYN | Whitt, Dennis | 7:14-CR-318 | 040815 | 720 |
| 132 | NYN | Howells, Stephen | 5:14-CR-340 | 121715 | 6960 |
| 133 | NYN | Vaisey, Nicole | 5:14-CR-340 | 121715 | 3600 |
| 134 | OHS | Napier, James | 1:13-CR16 | 052014 | 2880 |
| 135 | FLM | Cloonan, Christopher Richard | 3:14-CR-69 | 030515 | LIFE |
| 136 | FLM | Hudson, Charles | 3:14-CR-40 | 040115 | 720 |

| | | Franklin | | | |
|---|---|---|---|---|---|
| 137 | TXN | Bogomel, Gregory | 4:14-CR-174 | 031215 | 720 |
| 138 | TXN | Kutej, Jonathan Daniel | 4:14-CR-74 | 062615 | 720 |
| 139 | TXN | Winner, Ryan Anthony | 7:15-CR-13 | 010416 | 720 |
| 140 | NYE | McGowan, Michael | | | 1080 |
| 141 | TNE | Johnny Ray Sammons | 3:14-CR-81 | 092115 | 393 |
| 142 | TNE | Tommy Lee Waugh | 3:13-CR-142 | 053014 | 528 |
| 143 | PAM | Daniel Thomas Curran | 1:13-CR-259 | 060415 | 840 |
| 144 | TXN | Stephen Walker | 3:14-CR-487 | 070615 | 720 |
| 145 | TXN | Timothy Rinehart | 3:13-CR-91 | 041015 | 2160 |

Holden deserves a guideline sentence. His conduct in this case is nothing short of harrowing. He showed no signs of stopping before he was caught. His drug problem, which he claims he has been unable to control, apparently spurs his desire to abuse children. He is a ticking time bomb. The only way to ensure the safety of the community is to keep Holden in jail for as long as possible.

### F. Conclusion

The United States respectfully requests that a sentence be imposed that will keep Holden away from children for as long as possible.

Respectfully submitted,

CINDY K. CHUNG
United States Attorney

*s/Christian A. Trabold*
CHRISTIAN A. TRABOLD
Assistant U.S. Attorney
PA ID No. 75013