IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 20-44 |
| ) | Judge Cercone |
| ) | |
| RYAN MATTHEW HOLDEN ) | |

<u>SENTENCING MEMORANDUM</u>

Now comes the defendant through his counsel, James J. Brink, Esq., and files this Sentencing Memorandum to aid the Court in its consideration of the appropriate sentence to impose in this case.

I.   <u>Background</u>

The defendant entered an open plea of guilty to all seven counts of the indictment. Counts 1 and 2 carry a mandatory minimum sentence of fifteen years. Count 3 carries a mandatory minimum sentence of ten years. Count 5 carries a mandatory minimum sentence of five years. Counts 4, 6 and 7 do not mandate a minimum sentence. There is no plea agreement.

The subjects that will be addressed in this sentencing memorandum will be offered as more than adequate justification upon which this Court can reasonably rely when considering the defendant's request for a downward variance from the advisory Sentencing Guidelines and impose a just and reasonable sentence that is not excessive.

II.   <u>Imposition of a Reasonable Sentence</u>

The issue for the Court when imposing a sentence in this case is to fashion a sentence "sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. §3553(a)," taking into consideration, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. §3553(a)(1). See also, *United States v. Booker*, 543 U.S. 220 (2005). The United States Supreme Court has further stated that a sentencing court "may not presume that the Guidelines range is reasonable but must make an individualized assessment based on the facts presented." *Gall v. United States*, 552 U.S. 38, 50 (2007)

The Third Circuit in *United States v. Clark*, 726 F.3d 496, 500 (3d Cir. 2013) held that when imposing a reasonable sentence according to *Booker*, *supra.*, and 18 U.S.C. §3553, a district court must "(1) calculate the advisory Guidelines range, (2) formally rule on any departure motions and state how those rulings affect the advisory range, and (3) exercise its discretion pursuant to the factors set forth in §3553(a)." Each of these factors will be more fully discussed below.

  A. <u>The Court must calculate the advisory sentencing guidelines range.</u>

The applicable advisory Sentencing Guidelines recommends a term of imprisonment for life. Thus, the defendant agrees that this is the calculated applicable advisory Sentencing Guideline range from which he will argue for a downward variance.

  B. <u>The Court must formally rule on any departure motions.</u>

2

The defendant submits that there will be no downward departure motions filed by either party.  Instead, the defendant will present reasonable justification supporting his request for a downward variance from the applicable advisory Sentencing Guideline range.

    C.    <u>The Court should exercise its discretion and grant a downward variance from the advisory Sentencing Guideline range after considering the application of the factors set forth in 18 U.S.C. §3553(a) to this particular case.</u>

Counsel has found through experience that the best way to present substance to what are generally referred to as "3553" factors is to list pertinent subparts of 18 U.S.C. §3553(a) and illustrate to the Court that the evidence offered supports the defendant's request for a downward variance from the advisory Sentencing Guidelines.

    1.    <u>"The nature and circumstances of the offense and the history and characteristics of the defendant". 18 U.S.C. §3553(a)(1)</u>

The defendant does not disagree that the offenses to which he pleaded guilty are serious offenses.  He does not dispute the government's contention that the sexual exploitation of children is a horrible crime that affects the lives of the child victims for life.  He does not dispute the government's argument that people engaged in this type of behavior should suffer severe consequences.

The point that the defendant does dispute is the government's contention that a life sentence is the appropriate penalty in this case.  Although the defendant is not minimalizing the seriousness of his offenses, he does draw a distinction between those defendants engaged more prolifically in the production and dissemination of child pornography and himself.

In this case, the defendant admitted that he enticed a young girl to send him explicit images of herself and then exchanged sexually explicit photographs of himself with her.  This is a very bad thing to do.  But, again, without minimizing his behavior, a distinction should be made between this defendant's behavior and the behavior of others who not only produced numerous images of the sexual abuse of children but also distributed them to other like-minded individuals for profit and pleasure.  There is no evidence in this case that the defendant distributed the images he obtained of the child victim.

The evidence in this case also suggests that the defendant possessed numerous sexually explicit images of other children.  Again, this is a very bad thing to do.  While the government states that the defendant exchanged explicit photos of children with others over the Internet, the extent of his behavior was not detailed.

The defendant only makes the above observations to support the notion that the government failed to recognize these distinctions when providing examples of sentences imposed in other child sexual abuse cases.  That is, it is probable that the defendants receiving the substantial sentences cited by the government committed offenses dissimilar to those committed by the defendant in this case.  Unless the government is prepared to identify the factual bases of each example listed in its Sentencing Memorandum and note the similarities between each individual defendant's conduct and the conduct of the defendant, the Court should disregard the government's attempt to convince the Court that a life sentence for this defendant for his admitted conduct is within the

heartland of sentences imposed on persons convicted of similar child sexual abuse offenses.

Nobody knows what motivates a person to engage in this type of behavior. If this enigma could be understood and solved, then the solution could be "bottled and sold" and, hence, this reprehensible conduct would be eliminated from our society once and for all. But that has not happened yet and, unfortunately, most likely never will.

In this case, the defendant worked for a living and had a family, including children, for some time. Even after the dissolution of the relationship with his partner, he continued to have a relationship with their children. There is no evidence that the defendant abused his children at any time.

For all intents and purposes, the defendant was basically a normal human being. Although the defendant admitted using drugs throughout his adult life, he is not blaming drug abuse for his criminal conduct except that he admitted that his judgment became impaired when he used drugs, especially methamphetamine. When he was not using meth, he went to work, paid his bills, and lived a normal life.

Then something went awry. The defendant inexplicably developed the abnormal inclination to want to view sexually explicit images of children. This deviant behavior is transitory and is not rooted in the defendant's character. The defendant knows what he did was wrong and his urge to view sexually explicit images of children is gone forever now that he realizes that he will spend a considerable portion of his one life on this Earth in prison for engaging in this unlawful behavior.

2. <u>The sentence must "protect the public from further crimes of the defendant" and "provide the defendant with needed . . . medical care, or other correctional treatment in the most effective manner." 18 U.S.C. §3553(a)(2)(C) and(D).</u>

Notwithstanding the government's assertion, the defendant is not a monster relentlessly preying on unsuspecting child victims as an unscrupulous and irredeemable miscreant incapable of rehabilitation. The opposite is true. The defendant did some horrible things, but he is dissimilar from true child predators because he realizes the terrible reality of what he did and, more important, what he needs to change in order not to do it again.

A sentence other than a life sentence will be sufficient to provide the defendant with the necessary treatment to eliminate his desire to view sexually explicit images of children. Counsel does not know what makes these people do the things that they do. Counsel submits that in his experience, child sexual abuse defendants can be responsive to intensive counseling, thus eliminating the deviant behavior. This type of counseling can be accomplished short of a life sentence.

Once the defendant is rehabilitated, the public will be protected from any further criminal activity of the defendant. The impulsive behavior to view sexually explicit images of children will be gone forever. Counsel cannot foresee the future and predict results. Nobody can, not even the government. The defendant is committed to changing what is left of his life so that he can live free in society to the best of his ability.

3. <u>The sentence must "reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense" and to "afford adequate deterrence to criminal conduct." 18 U.S.C. §3553(a)(2)(A) and (B).</u>

The defendant submits that the life sentence recommended by the government is excessive.  A sentence other than a life sentence is available that would "reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense" and to "afford adequate deterrence to criminal conduct."

Based on the foregoing, the recommended sentence in this case is a term of imprisonment for fifteen years.  This is the minimum mandatory sentence in the most serious count to which he pleaded guilty.  Nobody, except for the government, would consider a fifteen year sentence in a federal prison as insubstantial.

In addition to this lengthy prison sentence, the defendant will carry with him for the rest of his life the stigma of being a convicted sex offender and a child pornographer.  He will most likely be required to register as a sex offender when released from custody.  This status will affect where he lives and where he can work.  He will be shunned by the public and his family.  This non-custodial aspect of his punishment is essentially a life sentence because he will not have relief from these consequences until the day he dies.

III.   Conclusion

The conduct of the defendant in this case is disturbing.  The victims in child sexual abuse cases will never be completely free of the effects of what happened to them.  To suggest otherwise would be foolhardy.  This is a serious case that should carry severe consequences.

The recommended sentence of incarceration for fifteen years is completely reasonable and will satisfy all the statutory sentencing requirements that this Court is obliged to consider.

                         Respectfully submitted,

                         BRINK LAW OFFICES, P.C.

                         By
                         <u>s/ James J. Brink</u>
                         James J. Brink, Esq.
                         Pa. I.D. No. 61690
                         Attorney for Defendant